Clayton R. Curtis, Plaintiff-Appellant, v. Albion-Brown's Post 590 American Legion of Illinois, Melvin Westerfield, et al., and "Unknown Owners," Defendants-Appellees.

Gen. No. 66–17.

Fifth District.

July 27, 1966.

Robert H. Rice, of East St. Louis, for appellant.

Jones, Ottesen & Fleming, of Belleville (Ralph J. Derango, Jr., of counsel), for appellees.

GOLDENHERSH, P. J.

Plaintiff appeals from the judgment of the Circuit Court of Edwards County. Because the judgment was entered upon allowance of motions to dismiss, and to quash summons, a review of the pleadings is essential.

Plaintiff filed a one-count complaint naming as defendants, "Albion Brown's Post 590 American Legion of Illinois," seven individuals, and "Unknown Owners." Plaintiff alleges that the defendants were the owners of a liquor store located in Albion, in Edwards County, known as "Albion Brown's Post 590," that in said store, the defendants, by and through their agents and servants sold alcoholic liquors at retail, that the defendants sold or gave alcoholic liquor to one Merrill Weber,

that the liquor, in whole or in part caused Weber's intoxication, that while so intoxicated he operated a motor vehicle, and by reason of the intoxication caused the motor vehicle to collide with plaintiff's automobile, causing plaintiff to suffer injury. Plaintiff alleges that by virtue of the provisions of chapter 43, section 135, Ill Rev Stats 1963, plaintiff is entitled to recover damages from defendants.

The complaint also contains an allegation that defendants were conducting and transacting business under the assumed name of "Albion Brown's Post 590 American Legion of Illinois," without having complied with the provisions of chapter 96, section 4, Ill Rev Stats 1963, and that the "Unknown Owners" are all other persons transacting business under such assumed name and are made defendants as authorized by chapter 96, section 8a, Ill Rev Stats 1963.

Defendants filed a limited appearance, a motion to dismiss, and a motion to quash service of process, stating in the motion to dismiss that the complaint shows on its face that Albion Brown's Post 590 American Legion of Illinois, an unincorporated association, is sued as an unincorporated association, that the named individual defendants are several, but not all of the members of the unincorporated association, that the unincorporated association is not a legal entity and cannot be made a party defendant in the association name in an action at law for damages, that individual officers and members of an unincorporated association cannot be made parties defendant in an action at law for damages without joinder of all of the members of the association as parties defendant, that an association organized for the purposes for which Albion Brown's Post 590 American Legion of Illinois is organized, to-wit:

> "To uphold and defend the Constitution of the United States of America; to maintain law and order; to foster and perpetuate a one hundred percent

146

Americanism: to preserve the memories and incidents of our associations in the Great Wars: to inculcate a sense of individual obligation to the community, state and nation: to combat the autocracy of both the classes and the masses; to make right the master of might: to promote peace and good will on earth: to safeguard and transmit to posterity the principals of justice, freedom and democracy: to consecrate and sanctify our comradeship by our devotion to mutual helpfulness."

is not subject to the provisions of chapter 96, sections 4 through 10, Ill Rev Stats 1963, and a suit at law for damages may not be maintained against the association in its association name or against several but not all of its members, that the attempted joinder of the members of the unincorporated association under the designation "Unknown Owners" is improper and ineffective to vest the court with jurisdiction over the individual members of the association. The motions are not verified, and no supporting affidavits were filed.

This cause was appealed to this court on a prior occasion. The appeal was dismissed for the reason that the order appealed from was not a final appealable order. Curtis v. Albion Brown's Post 590 American Legion of Illinois, et al., 65 Ill App2d 473, 213 NE2d 621. The cause was thereafter again considered by the trial court and a judgment order entered in which the court states (1) that a voluntary unincorporated association is not a legal entity and cannot be made a party defendant in the association name in a suit at law, for damages, (2) that the seven named individual defendants are several, but not all of the members of the unincorporated association, (3) that the provisions of chapter 96, sections 4 through 10, Ill Rev Stats 1963, are not applicable to a voluntary unincorporated association, that a suit at law for damages may not be maintained against the association in its association name or against several but not all

147

of its members, and the attempted joinder of the members of Albion Brown's Post 590 American Legion of Illinois, under the designation "Unknown Owners" is ineffective to vest jurisdiction in the circuit court over the association or its individual members. The order states that plaintiff elects not to amend his complaint and to stand thereon, and orders that the summonses served on all the defendants be quashed and held to be of no force and effect, that the complaint be dismissed, and that judgment be entered for costs and execution issue thereon. This appeal followed.

■ A motion to dismiss a complaint admits the well-pleaded facts therein alleged. Acorn Auto Driving School, Inc. v. Board of Education, 27 Ill2d 93, 187 NE 2d 722. In determining the issues presented it is, therefore, taken as true that the defendants operated a retail liquor store, and that alcoholic liquors sold or given away by defendants, and consumed by Weber, contributed to his intoxication, and that plaintiff's injuries resulted from Weber's intoxication.

Section 4 of chapter 96 (c 96, § 4, Ill Rev Stats 1963) provides, in substance, that no person or persons shall conduct or transact business under an assumed name unless there shall be filed in the office of the County Clerk of the County in which the business is conducted or transacted, a certificate setting forth the assumed trade name and the names and addresses of the persons owning and conducting the business. Section 8a (c 96, § 8a, Ill Rev Stats 1963) provides that if the certificate is not filed as required by section 4, and some of the owners are unknown, civil actions may be brought against such persons by filing suit against the business under its assumed name, naming the known owners and designating as "Unknown Owners" the other persons transacting business under the assumed name. It provides for judgment and execution against the assets of the business and sets forth the procedure for naming

148

as parties defendant such of the "Unknown Owners" whose identity becomes known.

■ Plaintiff's complaint is obviously framed to comply with the provisions of section 8a and the reference to Albion Brown's Post 590 American Legion of Illinois is as an assumed name used in the conduct of a retail liquor store. The only allegation that the defendant Legion Post is an unincorporated voluntary association is found in defendants' unverified motion. The defense that a defendant does not have the legal capacity to be sued falls within the provisions of section 48(1)(b) of the Civil Practice Act (c 110, § 48(1)(b), Ill Rev Stats 1965) and since the alleged defect does not appear on the face of the complaint, the motion should have been supported by affidavit. Since plaintiff did not move to strike the motion because of defendants' failure to file supporting affidavits, any objection thereto on that ground is deemed waived.

■ Taking the allegations in the motion to dismiss to be true, and assuming therefore, that Albion Brown's Post is an unincorporated voluntary association, we must determine whether that fact makes the provisions of sections 4 and 8a of chapter 96 inapplicable to these defendants. If the statutory provisions upon which plaintiff relies do not apply, we are confronted with the holdings in Cahill v. Plumbers' Gas and Steam Fitters' and Helpers' Local 93, 238 Ill App 123, and Kingsley v. Amalgamated Meat Cutters & Butcher Workmen of North America Local Union No. 530, 323 Ill App 353, 55 NE2d 554, that at common law a voluntary unincorporated association cannot be sued in its association name, but that all of its members must be named as defendants.

■ The purpose of the enactment of sections 4 and 8a of chapter 96 is self-evident. Obviously the General Assembly intended that a cause of action arising out of the conduct or transaction of business be not defeated

149

because of the claimant's inability to identify the individuals who in fact own and conduct the business, and therefore, provided a remedy which could effect satisfaction of any judgment obtained, at least to the extent of the assets held in the assumed name of the business, and further imposed liability on the known owners.

■ So far as the record here reveals, the defendants named are conducting and transacting business within the contemplation of section 4 of chapter 96 and the complaint states sufficient grounds for invoking the provisions of section 8a. If coincidentally, the same individuals are associated in a voluntary unincorporated association organized for the laudable purposes above set forth, that does not render the provisions of sections 4 and 8a inapplicable to a situation which arises out of the conducting and transaction of business under an assumed name. The fact that the same group, in addition to operating a retail liquor business, engages in nonbusiness activities, does not serve to exempt the business operations from the provisions of these statutes.

■ Defendants' contention that the business is incidental to the association's principal purposes does not alter the fact that this claim arises out of the conduct of a business. The clear intent of chapter 43, section 135, should not be thwarted because the purveyor of the alcoholic beverage which contributed to cause the intoxication engages in more commendable activities. It is axiomatic that many eleemosynary institutions and public service organizations are held liable for wrongs arising from their business activities, and the Federal Reporter contains many decisions imposing liability for excise and income taxes on organizations primarily engaged in charitable, patriotic and public service activities. The injuries of an injured plaintiff are rendered no less painful, nor is his pecuniary loss in any degree mitigated, by the fact that the alcoholic liquor which caused

the intoxication resulting in his misfortune was purchased in a store operated by a patriotic organization, rather than a tavern operated by an individual, partnership or corporation.

For the reasons herein set forth, we hold that the provisions of sections 4 and 8a of chapter 96 (c 96, §§ 4, 8a, Ill Rev Stats 1965) are applicable in this case. The judgment of the Circuit Court of Edwards County is reversed, and the cause remanded, with directions to deny the motions to dismiss and to quash service of summons, and for such further proceedings as are consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.