THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CHARLENE WALLACE *et al.*, Defendants-Appellees.

Fifth District   No. 78-380

Opinion filed October 15, 1979.

Walden E. Morris, State's Attorney, of Harrisburg (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert H. Rath, of Harrisburg, for appellees.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal by the State from an order granting defendant's motion to dismiss a criminal complaint for failure to state a cause of action.

The defendants were charged by criminal complaint with violating section 1 of "An Act in relation to the use of an assumed name in the conduct or transaction of business in this State" (Ill. Rev. Stat. 1977, ch. 96, par. 4) (hereinafter the Act) by transacting business as Quickway Enterprises without having on file with the County Clerk of Saline County the required certificate to register the ownership of a business operated under an assumed business name. The defendants, without counsel, pleaded guilty to the charge and were fined. Subsequently, the defendants obtained counsel, who filed motions in arrest of judgment. These motions were granted because the original complaints did not allege that the defendants acted with the requisite mental state, *i.e.,* "knowingly."

The same day, the State filed seven criminal complaints charging that the defendants had knowingly transacted business as Quickway Enterprises in violation of section 1 of the Act (Ill. Rev. Stat. 1977, ch. 96, par. 4) on October 13 through October 19, 1976. The defendants filed a motion for discovery and a motion for a bill of particulars, which were duly answered by the State. In its answer to the motion for a bill of particulars, the State asserted that the defendants violated the statute by transacting business through advertisement to the public in the Daily Egyptian Newspaper, Southern Illinois University, Carbondale, Illinois, and by promoting the sale of a product by public advertisement through the circulation area of the Daily Egyptian Newspaper. Attached to the State's answer to the bill of particulars was a reproduced copy of the Daily Egyptian Newspaper of October 13, 1976, which contained the following advertisement:

> "PREGNANCY TEST. RUN your own pregnancy test in the privacy of your home with our complete pregnancy test kit, including all test material and easy to follow directions. This simple urine test gives accurate results within two minutes. Send $12.50 money order for each test to: Quickway Enterprises, Box 42, Carrier Mills, IL 62917."

The defendants filed motions to dismiss the complaints alleging four grounds for dismissal. Three of these grounds, that prosecution was barred by section 3—3(b) of the Criminal Code, that prosecution was barred by the due process clauses of the Illinois and Federal constitutions, and that the statute was unconstitutionally vague, were rejected by the trial court. The fourth ground, that the charges do not state offenses, was the basis of the trial court's order dismissing the complaints. Specifically, the trial court stated:

> "I believe that mere solicitation is not what is meant by the transaction of business unless it happens to be the business to solicit. I think that it would not have been enough under the civil

rules for long arm, as you point out, for long arm purposes under the civil rules and I think that for it to be a crime it must be considerably more severe than in civil litigation for minimum contact satisfaction. There are multitudes of cases. Almost every state has a case dealing with doing business, giving courts jurisdiction, under long arm statutes, and the corporation trust company has a whole volume dealing with the question of doing business. I don't think that mere solicitation unaccompanied by sales or other activities particularly, if it's merely—I get the feeling from what's been said here, maybe this is incorrect, but at least I got the feeling that there was a single ad placed and multiple runnings of the ad. I don't know whether that is true or not. At least that's what I gathered from what Mr. Rath stated. If that's so, it would be a single act of placing the ad—if it's transacting business at all it would be that single act, not the multiple running that I think is involved. But here again, to invite one to do business isn't necessarily the transacting of business, and I think from what I have heard here, that the implication is that the business that they were really going to be engaged in was that of selling products and in the absence of a transaction with somebody who was a prospective purchaser and I have this doubt that you have shown a transaction of business that is prohibited by the statute."

The State made no effort to amend either the charges or the bill. The trial court granted defendant's motion to dismiss, and this appeal by the State followed.

■■ The State first contends that the trial court erred in deciding an issue of fact prior to trial. This portion of the State's argument is based upon the proposition that whether the advertisement in the newspaper constituted transacting business under the statute in question was a question of fact for the jury. We disagree. Whether certain conduct occurred is a question of fact, but whether certain conduct violates a certain statute is a question of law to be decided by the court. The portion of the State's argument which is predicated upon this issue being one of fact rather than one of law must, therefore, be rejected.

■■ The defendants first contend that after the State had answered the bill of particulars, any evidence it presents at trial must be limited to the transactions set out in the bill of particulars.

The Illinois Supreme Court, in *People v. Bain* (1935), 359 Ill. 455, 472, 195 N.E. 42, stated:

"The object of a bill of particulars is to give the defendant notice of the specific charges against him and to inform him of the particular transactions in question, so that he may be prepared to make his defense. [Citations.] Its effect, therefore, is to limit the evidence to

'the transactions set out in the bill of particulars. The prosecution, however, is not required to specify in the bill all the evidence it will produce in support of the charges. The object of such a bill is not to make a substantive charge against the defendant but to restrict the evidence which may be introduced under the indictment to the particular transactions."

The State contends that the bill of particulars should not limit its proof on the trial and that, as a consequence, the trial court prematurely made the determination that the charge did not state an offense. We do not agree. If the State's contention were followed, proof of acts of the defendants other than the placing of the advertisement but constituting the "transaction of business" should be permitted at trial. Such is not the design of section 114—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—2), covering motions for bills of particulars. This statute requires that they "shall specify the particulars of the offense necessary to enable the defendant to prepare his defense." To permit the State to introduce evidence at trial of acts of the defendants other than the placing of the advertisements would be to permit the State to subject defendants to the element of surprise, a result certainly not contemplated by section 114—2 of the Code of Criminal Procedure and a result which we will not condone. Therefore, under *Bain*, it was proper for the trial court to consider whether the transactions stated in the bill of particulars constituted an offense.

The State also argues that section 115—4(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4(a)), requires that questions of fact shall be decided by the jury and that the trial court may take factual questions from the jury only at the close of the State's evidence. The State's reliance upon section 115—4(a) is misplaced for two reasons. First, as discussed above, the question of whether or not the placing of an advertisement constituted the transaction of business is a question of law rather than a question of fact. Second, section 115—4(k), and not section 115—4(a), deals with a directed verdict of not guilty, with a judgment of acquittal and discharge of the defendant at the close of the State's evidence or at the close of all the evidence. In this case a motion to dismiss a criminal complaint for failure to state an offense was involved. No jeopardy attached, and had the State chosen to file amended complaints, it could have done so. Therefore, the trial court did not err in making the determination prior to trial.

Next, the State questions the correctness of the court's determination that the placing of the advertisement did not constitute the transaction of business under section 1 of the Act (Ill. Rev. Stat. 1977, ch. 96, par. 4). This statute provides that "No person or persons shall conduct or transact business in this State under an assumed name * * * " without filing a

specified certificate in the office of the county clerk of the county " * * * in which such person or persons conduct or transact or intend to conduct or transact such business * * * ." The statute does not define what constitutes the conduct or transaction of business.

We are not aware of any case interpreting the phrase " * * * conduct or transact business * * * " within the meaning of the statute concerning assumed business names. The trial court, as stated earlier, concluded that mere solicitation of business was not conducting or transacting business, in the absence of a sale. The trial court considered cases interpreting transaction of business within the meaning of establishing the due process minimum contact to establish civil "long arm" jurisdiction over non-residents under the applicable statute (Ill. Rev. Stat. 1977, ch. 110, par. 17(1)). The State argues that the trial court erred in considering the civil "long arm" cases in its determination of this case. Furthermore, the State contends that the trial court erred in indicating that the definition of "transacting business" should involve a higher level of activity for criminal prosecutions than for establishing *in personam* jurisdiction in civil cases. It should be noted, however, that the trial court stated that it did not feel that these cases were controlling and expressly distinguished them from this criminal case.

■■ The purpose of the act regulating the conducting of business under an assumed name is to provide the public with access to information concerning the identity of those conducting businesses under names other than their own, and to protect individuals who might deal with or give credit to a fictitious entity. (*People v. Arnold* (1972), 3 Ill. App. 3d 678, 279 N.E.2d 436; *cf. Curtis v. Albion-Brown's Post 590, American Legion* (1966), 74 Ill. App. 2d 144, 219 N.E.2d 386.) In this case the activity which the State contends constituted the transaction of business was the placing of a newspaper advertisement. In spite of the fact that the State did not allege that the defendants sold, or contracted to sell, any products nor that they sought or extended credit or dealt directly with any potential customer, the abuses sought to be curbed by the statute may well have arisen from their placing of the advertisement. The advertisement solicited the general public to "Send $12.50 money order for each test to: Quickway Enterprises, Box 42, Carrier Mills, IL 62917." The proof on trial quite possibly may have established that several payments were in fact made to defendants and no test kits furnished by them. In our opinion, such evidence would constitute ample proof of a violation of the statute under the charges and under the bill of particulars. If the purpose of the statute governing the registration of assumed business names is to provide the public with the identity of the fictitious entity with whom the public might deal or give credit to, as stated in *Arnold*, we can conceive of no greater need for such protection than from a business entity soliciting

prepaid orders under an artificial name such as used by the defendants. Therefore, we conclude that the defendants' solicitation, or invitation, of orders accompanied by guaranteed payments constituted the transaction of business under section 1 of this Act (Ill. Rev. Stat. 1977, ch. 96, par. 4).

Defendants finally contend that since the statute in question does not state when the required certificate must be filed, it is unconstitutionally vague. The statute requires that the specified certificate be filed in the office of the county clerk of the county " * * * in which such person or persons conduct or transact or intend to conduct or transact such business * * * ." (Ill. Rev. Stat. 1977, ch. 96, par. 4.) It clearly contemplates the possibility of filing before transacting any business and expressly permits filing during or after transacting business. Defendants argue that because of this alleged defect, the statute in question is unconstitutionally vague. It is contended that defendants may now file the required certificate and not be in violation of the statute since it sets no time limit on the filing. We do not agree.

Defendants were charged with "knowingly" violating the statute in the amended complaints. The court in *Arnold* established the necessity of charging that defendants knowingly violated the statute governing the registration of assumed business names. It was there stated that "knowingly" implies that the act was "performed consciously and intelligently, with actual knowledge of the facts and the law's requirements." (*People v. Arnold* (1972), 3 Ill. App. 3d 678, 682, 279 N.E.2d 436, 439.) Defendants are here charged with knowledge of the requirement to register and with knowingly violating the act. This *obviously satisfies* defendants' contention that "any prosecution under this statute which does not require that they [defendants] knew or should have known of the requirement to register with the County Clerk would violate the due process clauses of the Illinois and Federal Constitutions."

For the foregoing reasons, the judgment of the circuit court of Saline County is reversed and this cause is remanded to the circuit court of Saline County for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES, P. J., and HARRISON, J., concur.