ROSEMARIE C. GULLEY, Plaintiff-Appellant, v. GEORGE FOUNTALAS *et al.*, Defendants-Appellees.

First District (1st Division) No. 85—3460

Opinion filed March 3, 1987.

Daniel H. Smith, Jr. & Associates, of Chicago, for appellant.

Kiesler & Berman, of Chicago (Alan P. Miller and Patti M. Deuel, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

This tort action arises from a beating and robbery that plaintiff suffered on November 20, 1980, at the State and Lake Restaurant in Chicago. Before filing suit, plaintiff's counsel checked with the Illinois Secretary of State to find out if the restaurant was a corporation li-

censed to do business in Illinois. The Secretary of State informed him that there was no corporation licensed to do business in Illinois under the title State and Lake Restaurant or State and Lake Tap Room. Later, plaintiff's counsel checked with the Cook County clerk's office, which informed him that under "An Act in relation to the use of an assumed name in the conduct or transaction of business ***" (Assumed Name Act or Act) (Ill. Rev. Stat. 1985, ch. 96, par. 4), Henry Smith and Albert Beyer were doing business as the State and Lake Restaurant and State and Lake Tap Room. On November 19, 1982, two days before the statute of limitations expired, plaintiff filed suit against Henry Smith and Albert Beyer d/b/a State Lake Tap Room and State Lake Restaurant.

The sheriff was unable to serve any of the above-named defendants. On February 8, 1983, plaintiff was granted leave to amend her complaint and name the proper parties, George Fountalas, Nick Romas, and State Lake Cafe, Inc. These defendants defaulted on March 28, 1984, and plaintiff later proved up $45,000 in damages.

On September 10, 1984, the court vacated the default judgment pursuant to defendants' section 1401 motion. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) Subsequently, defendants moved to dismiss plaintiff's complaint, claiming that plaintiff's action was barred by the two-year statute of limitations because the defendants were not named in the suit until after the limitations period had expired. Plaintiff appeals this dismissal order, raising the following issues: (1) whether plaintiff's amended complaint related back to her original complaint under the terms of section 2—616(d) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)); (2) whether the Assumed Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 4) affords the plaintiff a further period of time to amend her complaint and substitute defendants when the owners of a business have not complied with the terms of the Act.

I

■ Section 2—616(d) (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)) provides that a cause of action against a defendant not originally named is not barred by lapse of the statute of limitations if five distinct elements are met. The two elements that are at issue here are as follows: (1) "service of summons was in fact had upon the person, his or her agent or partner, ***, even though he or she was served in the wrong capacity or as agent of another" and (2) "the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pend-

ing." Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).

Plaintiff claims that her amended complaint relates back to her original complaint under section 2—616(d). The fundamental flaw with plaintiff's argument is that the original defendants were never served. This element of section 2—616(d) has been described as "the most crucial portion of the statute." (*Loughran v. A & M Moving & Storage Co.* (1974), 17 Ill. App. 3d 119, 122, 307 N.E.2d 794, 796-97.) Without valid service on the originally named defendants there can be no relation back.

Assuming, *arguendo*, that Beyer, Smith, and the Restaurant did receive summons, there is no evidence of any agency, partnership, or trust relationship between them and Fountalas, Romas, and State Lake Cafe, Inc. There can be no relation back without such a relationship between the original and substituted defendants.

With respect to the second element at issue here, the record does not show that Fountalas, Romas, and State Lake Cafe, Inc. "knew" of the pending lawsuit within the limitations period. At best, the record indicates that these defendants had some idea of the pending suit within a month or two after the expiration of the limitations period. Knowledge of the suit *after* this date is not sufficient to satisfy section 2—616(d).

## II

■ Plaintiff argues that since the currently named defendants failed to substitute their names for Beyer and Smith in the clerk's files pursuant to the Assumed Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 4), she should be able to amend her complaint and substitute them for the original defendants after the limitations period has run. This is a novel argument, but it misses the mark. First, failure to comply with the terms of the Assumed Name Act is not an exception to the applicable two-year statute of limitations. See Ill. Rev. Stat. 1985, ch. 83, par. 15.

Second, if an owner of a business operating under an assumed name fails to register, the Act gives the plaintiff specific procedural safeguards. The court in *Curtis v. Albion Brown's Post 590 American Legion* (1966), 74 Ill. App. 2d 144, 148-49, 219 N.E.2d 386, 388, explained them:

"Section 4 of chapter 96 (c 96, sec. 4, Ill Rev Stats 1963) provides, in substance, that no person or persons shall conduct or transact business under an assumed name unless there shall be filed in the office of the County Clerk of the County in which the business is conducted or transacted, a certificate setting

forth the assumed trade name and the names and addresses of the persons owning and conducting the business. Section 8a (c 96, sec. 8a, Ill Rev Stats 1963) provides that if the certificate is not filed as required by section 4, and some of the owners are unknown, civil actions may be brought against such persons by filing suit against the business under its assumed name, naming the known owners and designating as 'Unknown Owners' the other persons transacting business under the assumed name. It provides for judgment and execution against the assets of the business and sets forth the procedure for naming as parties defendant such of the 'Unknown Owners' whose identity becomes known." 74 Ill. App. 2d 144, 148-49.

In the case at bar, the plaintiff could have originally sued Beyer, Smith d/b/a State Lake Restaurant, and "Unknown Owners." When the true owners became known, they could have been added to the lawsuit at any time before satisfaction of the judgment by motion to the court. Within 10 days of receiving the notice of motion "the previously unknown owner[s] may appear and defend as in other civil cases." (Ill. Rev. Stat. 1985, ch. 96, par. 8(a).) However, the plaintiff never sued the "unknown owners" in her original complaint and now complains that she was prejudiced by her ignorance of their names.

■ The Assumed Name Act does not confer a further period of time to file a law suit, and it is not an exception to the applicable statute of limitations. It does provide certain safeguards against owners who fail to register. To use these safeguards the terms of the statute must be followed. Here, the terms of the statute were not followed; accordingly, the plaintiff cannot now complain.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and CAMPBELL, J., concur.