JOSE GOMEZ, Plaintiff-Appellee, v. VITINO'S PIZZA *et al.*, Defendants-Appellants (James Pugh, Defendant).

First District (5th Division)   No. 1—88—3026

Opinion filed December 29, 1989.

Vito DeFrancesco, of Cicero, appellant *pro se.*

Berman, Trachtman & Malek, P.C., of Chicago (Edward J. Malek, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Jose Gomez, obtained a default judgment against defendants, Vitino's Pizza and James Pugh. Prior to satisfaction of the judgment, defendant Vito DeFrancesco was added as a party and judgment was entered against him. Defendants Vitino's Pizza and DeFrancesco now appeal. We address the issue of whether a person can be named as a party defendant under section 6 of "An Act in relation to the use of an assumed name in the conduct or transaction of business in this State" (Ill. Rev. Stat. 1985, ch. 96, par. 8a) (Assumed Business Name Act or Act) when plaintiff failed to sue unknown owners as allowed under the Act. For the following reasons, we reverse and remand.

Plaintiff filed a complaint for negligence against defendants Vitino's Pizza and Pugh seeking damages for personal injuries which resulted from a car accident that occurred on December 27, 1980. Plaintiff alleged that Pugh was driving a car as an "agent, servant and employee" of Vitino's Pizza when it struck plaintiff as he was walking across the street.

Both defendants were served with summons and complaint. On May 7, 1981, pursuant to plaintiff's motion, Pugh was found in default for his failure to file an appearance.

DeFrancesco, appearing *pro se* on behalf of Vitino's Pizza, prepared a motion to dismiss which was denied. Subsequently, an attorney filed an appearance for Vitino's Pizza. Vitino's Pizza filed an answer denying the allegations of the complaint which was verified by DeFrancesco. Certain discovery was conducted, and DeFrancesco was deposed. During the course of litigation, Vitino's Pizza was periodically represented by several different attorneys or by DeFrancesco appearing *pro se.*

On December 20, 1984, a default judgment was entered against Vitino's Pizza for failure to appear for trial. After a prove up on January 3, 1985, judgment was entered against Vitino's Pizza and Pugh for $150,000.

On January 17, 1985, a motion to vacate default was filed on behalf of "Vito DeFrancesco d/b/a Vitino's Pizza." The trial court denied the motion because DeFrancesco was not a party, and no judgment was entered against him individually. On February 8, 1985, Vitino's Pizza filed a motion to vacate but the trial court denied it for lack of jurisdiction because it was filed more than 30 days after judgment. On April 30, 1985, Vitino's Pizza filed another motion to vacate, this time pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). That motion was also denied. Vitino's Pizza did not file a notice of appeal within 30 days from entry

of any of those orders.

On June 22, 1988, plaintiff filed a motion to add DeFrancesco as a defendant pursuant to section 6 of the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 8a). The motion argued that in violation of the Act, Vitino's Pizza was not registered as an assumed name and that during litigation plaintiff learned DeFrancesco owned Vitino's Pizza. Relying on section 6, plaintiff sought to amend the judgment against Vitino's Pizza and Pugh, which had not yet been satisfied, to include DeFrancesco. DeFrancesco filed a special appearance and a response to the motion. On September 12, 1988, the trial judge entered an order naming DeFrancesco as an additional defendant and entering judgment against him individually for $150,000 plus costs. Vitino's Pizza and DeFrancesco filed a notice of appeal.

OPINION

■■ In their notice of appeal defendants seek review of seven orders, final and interlocutory, entered between September 29, 1983, and September 12, 1988. These orders include several final orders, such as the orders denying Vitino's Pizza's motions to vacate entered on January 29, 1985, and February 28, 1985. However, no appeal was taken from these orders within 30 days of their entry. To seek review of a final order, a notice of appeal must be filed within 30 days from when it was entered. (107 Ill. 2d Rules 301, 303(a).) Because defendants failed to file a timely notice of appeal from those orders, this court does not have jurisdiction to review them.

■■ The only final order listed in the notice of appeal that is subject to review is the one entered September 12, 1988, which added DeFrancesco as a defendant and entered judgment against him pursuant to section 6 of the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 8a). The Act requires persons conducting or transacting a business under an assumed name to register with the county and identify the names and addresses of the owners of the business. (Ill. Rev. Stat. 1985, ch. 96, par. 4.) Section 6 provides a vehicle for a plaintiff to sue the unknown owner of a business who failed to comply with the Act and allows the plaintiff to name the previously unknown owner as a defendant if his identity is discovered prior to satisfaction of the judgment. The section states:

"§6. If a person or persons required to register hereunder do not do so and such persons, or any of them, are unknown, civil actions may be brought against such person or persons, by filing suit against the business under its assumed name, naming all known owners, and designating as 'unknown owner or owners'

the other person or persons transacting business under such assumed name. \*\*\* At any time prior to satisfaction of judgment, if any, if the identity of a previously unknown owner is discovered, such person shall be named as a party defendant by motion to the court in which such case is pending or in which the judgment was entered, supported by an affidavit showing that notice of such motion has been given[.] \*\*\* If the defendant does not file an appearance within such 10 day period or if after hearing the defendant is found to be liable, the judgment, if any, theretofore entered in such suit shall be amended to include such person and shall at such time become a personal judgment against such person as if he had been individually named in the original complaint." (Ill. Rev. Stat. 1985, ch. 96, par. 8a.)

By passing the Act, "[o]bviously the General Assembly intended that a cause of action arising out of the conduct or transaction of business be not defeated because of the claimant's inability to identify the individuals who in fact own and conduct the business[.]" *Curtis v. Albion-Brown's Post 590 American Legion* (1966), 74 Ill. App. 2d 144, 149-50, 219 N.E.2d 386, 389.

In *Gulley v. Fountalas* (1987), 153 Ill. App. 3d 100, 505 N.E.2d 1176, defendants operated a business under an assumed name but failed to substitute their names for the previous owners of the business as required under the Act. Plaintiff initially filed her complaint against the previous owners but did not designate unknown owners as defendants. After the statute of limitations ran, plaintiff discovered defendants were the present owners of the business and was granted leave to amend her complaint to name them. Plaintiff obtained a default judgment against defendants for their failure to file appearances. Defendants' subsequent motion to vacate was granted on statute of limitations grounds and plaintiff appealed. One of plaintiff's arguments on appeal was that her complaint was properly amended under the Act. The appellate court initially noted that defendants' failure to comply with the Act was not an exception to the applicable statute of limitations. The court explained that the Act provides a plaintiff with "procedural safeguards." (*Gulley*, 153 Ill. App. 3d at 102, 505 N.E.2d at 1178.) When a business is not registered under the Act, a plaintiff can sue the business under its assumed name, name any known owners, and designate unknown owners as defendants. (Ill. Rev. Stat. 1985, ch. 96, par. 8a.) The court noted that plaintiff could have taken advantage of these procedural safeguards and sued unknown owners. Because plaintiff failed to do so, she could not subsequently take advantage of the statute and add the names of the previously unknown owners. The

court stated, "[t]o use these safeguards the terms of the statute must be followed." *Gulley*, 153 Ill. App. 3d at 103, 505 N.E.2d at 1179.

■■ Similarly, in the present case, plaintiff filed suit against Vitino's Pizza and Pugh without designating unknown owners as defendants as allowed under the Act. Plaintiff never asserted an inability to obtain the names of the owners of Vitino's Pizza within the statute of limitations period. After the statute of limitations ran and judgment was entered against Vitino's Pizza and Pugh, plaintiff moved to amend the judgment to include DeFrancesco, relying on section 6 of the Act. The trial court granted the motion, discounting the fact that plaintiff did not sue unknown owners. As stated in *Gulley*, the Act does not confer an additional period of time to file suit and the Act is not an exception to the statute of limitations period. Following *Gulley*, plaintiff in this case could not rely on section 6 of the Act to name DeFrancesco as a defendant after the statute of limitations ran because he did not sue unknown owners. Accordingly, the judgment against DeFrancesco must be reversed.

■■ Plaintiff attempts to avoid the effect of *Gulley* by relying on section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)). Section 2—616(d) allows the amendment of a complaint to add a previously unnamed person as a defendant to an action even after the statute of limitations has run. Neither plaintiff nor the trial judge relied on this section to add DeFrancesco as a defendant. Nevertheless, plaintiff claims he has met the requirements of section 2—616(d), which allows him to add DeFrancesco as a defendant. Plaintiff's reliance on section 2—616(d), however, is misplaced. In this case, judgment had been entered before plaintiff sought to add De-Francesco as a defendant. After judgment has been entered, a complaint may only be amended to conform pleadings to proof. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(c); *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 496 N.E.2d 1104.) Therefore, plaintiff cannot rely on section 2—616(d) to amend his complaint after judgment was entered.

Reversed and remanded.

MURRAY, P.J., and COCCIA,* J., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time Justice Michel A. Coccia was designated the third member of the panel and has read the record and briefs and has listened to the oral argument tape.