ELYSE ROBERTS, Plaintiff-Appellant, v. DOW CHEMICAL COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)    No. 1—92—0210

Opinion filed March 26, 1993.—Rehearing denied May 6, 1993.

Dennis E. Carlson, of Chicago, for appellant.

Michael W. Davis and Mark B. Blocker, both of Sidley & Austin, of Chicago, for appellee Dow Chemical Company.

Richard G. Schultz and Steven H. Gistenson, both of Foran & Schultz, of Chicago, for appellees Matthew W. Cockrell and Rivkin Radler Dunne & Bayh.

Thomas L. Browne and Thomas P. Sukowicz, both of Hinshaw & Culbertson, of Chicago, for appellee Coffield Ungaretti Harris & Slavin.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Elyse Roberts appeals the dismissal of her second amended complaint which alleged product liability, battery, wilful and wanton conduct and negligence (the second amended complaint also alleged a fraud count but plaintiff does not appeal the dismissal of this count) against defendants The Dow Chemical Company (Dow), Matthew W. Cockrell, Coffield Ungaretti Harris and Slavin, and Rivkin Radler Dunne and Bayh. Plaintiff alleges on appeal that the circuit court erred in dismissing her complaint and in denying her post-judgment motion.

In 1986, plaintiff sued Dow for injuries she received following the application of Dursban (Dursban is the trade name for chlorpyrifos, which is manufactured by The Dow Chemical Company and is used as an active ingredient in a large number of pesticide products formulated by Dow and other companies) to her Barrington, Illinois, home in 1984. Plaintiff claimed that as a result of that exposure, she had become permanently hypersensitive to the presence of Dursban and other commercial chemicals. In 1989, plaintiff and Dow executed a "Settlement Agreement and Release." In exchange for the payment of $25,000, plaintiff agreed to release and discharge Dow, its officers, directors, employees, stockholders, agents, subsidiaries and successors from all claims, demands, actions, causes of action or suits at law including all matters, issues or causes relating to or arising out of plaintiff's exposure to Dursban which occurred at her Barrington home in 1984.

In 1990, plaintiff filed the present action against Dow and the attorneys who had represented Dow in the 1986 lawsuit. In her second amended complaint, plaintiff alleged that during three deposition sessions for the 1986 lawsuit, defendants intentionally exposed plaintiff to Dursban, causing injury to plaintiff. Defendants filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619), and the court granted the motion, based upon the release executed for the 1986 case.

■ Before reaching the merits of this case, we note that defendants have moved to dismiss this appeal based upon plaintiff's failure to comply with the rules governing appellate briefs. Plaintiff admits that had her brief contained the proper margins, her brief would be longer than the 75 pages permitted by Rule 341(a). (134 Ill. 2d Rules 341(a), 344(b).) Rule 341 specifically provides that "[n]either narrow margins nor any other device shall be employed to evade the page limitation." (134 Ill. 2d R. 341(a).) Plaintiff's brief also violates Rule 341(e)(2) (134 Ill. 2d R. 341(e)(2)) in that it omits an introductory paragraph stating the nature of the case and Rule 341(e)(6) (134 Ill. 2d R. 341(e)(6)) because its statement of facts contains argument and comment. Indeed, plaintiff's statement of facts is one of the most convoluted and incomprehensible that we have seen.

We note that plaintiff's counsel, Mr. Carlson, has a continuing pattern of ignoring supreme court rules. See *Bieles v. Ables* (1992), 234 Ill. App. 3d 269, 599 N.E.2d 469; *Dawson v. St. Francis Hospital* (1988), 174 Ill. App. 3d 351, 528 N.E.2d 362; *Lorentzen v. Anderson Pest Control* (N.D. Ill. 1990), ____ F.2d ____ (wherein the court dismissed plaintiff's action and sanctioned Mr. Carlson in light of Mr.

Carlson's failure to comply with the court rules and orders, his failure to provide adequate excuses for his noncompliance and his inadequate submissions to the court).

Although failure to comply with supreme court rules governing briefs can warrant dismissal of the appeal (*Mielke v. Condell Memorial Hospital* (1984), 124 Ill. App. 3d 42, 463 N.E.2d 216), the rules are not a limitation upon the jurisdiction of the court of review, but rather are admonishments to the parties. (*Miller v. Miller* (1988), 167 Ill. App. 3d 176, 521 N.E.2d 229.) We decline to punish plaintiff for the sins of her attorney by dismissing this appeal.

Turning to the merits, we first address plaintiff's contention that the trial court erred in granting defendant's section 2—619 motion. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(6).) If defendant's motion to dismiss is based on a release, once defendant shows the existence of a facially valid release, the burden then shifts to the plaintiff to prove that a material issue of fact exists which would invalidate the agreement. (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878.) Clearly defendants satisfied their burden when they filed their motion to dismiss and attached the facially valid release. The release plainly states that plaintiff was paid $25,000 for a release "of and from all claims, demands, actions, causes of action or suits at law" resulting from her exposure to Dursban at her home in Barrington. Defendants have provided us with evidence that plaintiff's injury alleged in the present case occurred prior to January 28, 1989, the date the release was signed, and was the result of her exposure to Dursban in her house in Barrington. When plaintiff was deposed in 1988 as part of her 1986 lawsuit, she stated that the reaction she suffered after she had left the previous deposition session was the result of the spraying of Dursban in her Barrington house.

Plaintiff, in turn, failed to provide any evidence that the claims asserted in the present case were not barred by the release signed by plaintiff in her 1986 case. In her second amended complaint, plaintiff alleged:

"For said three deposition exposures Plaintiff did not identify the specific chemical *** causing her subsequent occurring symptoms and disability *** until after December 22, 1989, nor the existence [of] said deposition exposures until after the fact of exposure was confirmed on September 28, 1990, *by report then communicated to her that a Dow employee had previously stated and admitted that Dow had prior to 9/28/90 intentionally exposed a person in Chicago to Dow's pesticidal agents in a deposition of the person exposed who had claimed prior toxic*

*sensitivity or reaction to exposure to Dursban products of Dow, and plaintiff did not know for certain until 1/28/90 that she had been exposed in said depositions sessions."* (Emphasis added.)

These vague assertions do not, however, sufficiently demonstrate the existence of a material fact as to whether plaintiff became ill after she was intentionally exposed to Dursban during her deposition sessions, as opposed to her initial exposure to Dursban in her Barrington home. Plaintiff filed no response at all to rebut defendants' motion to dismiss, even though she was given ample opportunity to do so. Defendants filed their motion to dismiss on September 23, 1991. Despite having over three months to respond, including several extensions of time, plaintiff failed to respond to the motion. On December 17, 1991, the circuit court declined to rule on the motion to dismiss so as to allow plaintiff "to file any response." Plaintiff attempted to submit to the court an affidavit of Elyse Roberts, but this affidavit was properly stricken by the circuit court since it was neither signed nor notarized. (See *Kohls v. Maryland Casualty Co.* (1986), 144 Ill. App. 3d 642, 494 N.E.2d 1174.) Even if the affidavit had been properly signed and notarized, it was inadequate to rebut the defendants' assertions that plaintiff's injury resulted from her exposure to Dursban in her home, since the affidavit did nothing more than reiterate the vague generalities set forth in the complaint. When plaintiff had still failed to respond by the hearing held on December 27, 1991, the court informed plaintiff's counsel: "Now it is up to you. You have the burden of showing why the court should not dismiss this case ***. Now, whatever your defense is, I am asking you to do it." In order to determine whether a material fact existed, the court asked plaintiff to name the individual who released the chemical at the deposition session, and the following exchange occurred:

"MR. CARLSON: The named defendants.

THE COURT: Who are they? All three of them released it or all four lawyers representing certain defendants here?

MR. CARLSON: Well, I don't know who had the container and opened it up in the deposition.

THE COURT: There was a container in the room?

MR. CARLSON: Well you can't bring in Dursban without putting it in something. I mean they must have had it in something.

THE COURT: Did they bring that to the deposition, Dursban?

MR. CARLSON: They brought—you know, you're getting me to the point where I'm not certain that—.

\* \* \*

THE COURT: Nowhere have you named any person or that container who released the toxic substance. I'm asking you now. At least on the pleadings you should say that. Actually your pleadings are conclusion unless you name a person and what they did. You can allege it. Whether it's provable or not is for the court to decide. It's on the pleading, but the pleadings should be specific \*\*\*.

\* \* \*

THE COURT: I want the record to show that at no time is this court informed, even in considering the release and everything she alleges, I don't know. There's [sic] no acts for this court to rule on as far as plaintiff's complaint, plaintiff's affidavits, plaintiff's motions. You're saying somebody released it. \*\*\* She has a right to make the allegation but she has to be specific. What did they release? Who released it? Where did they get this information that something was released?"

As this exchange reveals, plaintiff failed to substantiate any of her assertions that Dow's attorneys intentionally exposed her to a toxic substance in the deposition sessions. Plaintiff has not provided this court with any information as to how the chemical was carried into the sessions, who brought the chemical to the depositions or where she received the information that Dursban was released during the deposition sessions. In oral argument before this court, the following exchange occurred:

"THE COURT: Did you get an affidavit from this employee who put your client on to this scheme or plot?

MR. CARLSON: Uh. I think we have a statement from him but I don't know if it's an affidavit.

THE COURT: Why wasn't that proffered to the trial judge in opposition to the 619 [sic] motion?

MR. CARLSON: Because we weren't proving a case \*\*\*."

Indeed, plaintiff need not prove her case in order to successfully oppose a section 2—619 motion, but she must show the existence of a material fact as to whether she was intentionally exposed to Dursban in her deposition sessions.

Plaintiff presented nothing more than conclusory and unsupported accusations in her pleadings and her oral arguments to the circuit court and appellate court. Such vague allegations do not raise an issue of material fact. (See *Hill v. Chicago Housing Authority* (1992), 233

Ill. App. 3d 923, 599 N.E.2d 1118; *Chicago Transit Authority v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 379, 442 N.E.2d 546.) Accordingly, the circuit court properly granted defendants' motion to dismiss plaintiff's second amended complaint.

Had plaintiff presented sufficient facts to indicate that she had been intentionally exposed to Dursban in her depositions, she could have survived defendants' motion to dismiss since we are not persuaded by defendants' argument that plaintiff released all injuries occurring from her exposure to Dursban including those separate and distinct from the exposure in her home in 1984.

■ Plaintiff next contends that the trial court erred when it denied her post-trial motion. We disagree. In her post-trial motion, plaintiff asked that the court reverse the judgment and grant leave to amend the complaint. The arguments presented by plaintiff in her motion seeking reversal could and should have been presented to the court long before the case was dismissed. Although plaintiff was given a number of extensions, it was not until the case was dismissed that plaintiff responded in writing to defendant's motion to dismiss. Furthermore, the arguments presented in the post-trial motion and the information provided in the affidavit attached to the motion gave no information to indicate that the claims here were distinct from those released by plaintiff in her original suit.

We also find that plaintiff's request to amend her complaint after entry of a final judgment was properly denied. After entry of a final judgment, a complaint may only be amended to conform pleadings to the proofs. (See *Gomez v. Vitino's Pizza* (1989), 192 Ill. App. 3d 1046, 549 N.E.2d 896.) Instead, plaintiff sought to add entirely new causes of action.

Therefore, for the reasons set forth above, we affirm the circuit court's dismissal of plaintiff's second amended complaint and denial of plaintiff's post-trial motion. In light of our disposition of this matter, it is not necessary to address the various motions concerning whether Charlotte Biblow, Stanley Pierce, Joseph Ortega, Peter Jennings and Daniel Alber have been made parties to this appeal.

Affirmed.

GORDON, P.J., and MURRAY, J., concur.