CAROLYN A. HAMES, Plaintiff-Appellant, *v.* NORTHERN ILLINOIS GAS COMPANY, Defendant-Appellee.

Second District No. 78-220

Opinion filed April 16, 1979.

Richard D. Schiller, of Goldsmith, Thelin, Schiller & Dickson, of Aurora, for appellant.

Robert F. Casey and George E. Krippner, both of Geneva, and Gerald M. Sheridan, of Wheaton, for appellee.

Mr. JUSTICE WOODWARD rendered the opinion of the court:

Plaintiff, Carolyn A. Hames, appeals from an order of the circuit court of Kane County dismissing her action for personal injury against defendant, Northern Illinois Gas Co., on the grounds the cause was barred by the statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 15).

On April 16, 1974, plaintiff was injured in an elevator accident in a building in Aurora, Illinois. At the time of the accident the building was apparently owned and occupied by the city of Aurora. Plaintiff originally filed suit against Otis Elevator Co., the manufacturer and installer of the elevator. Plaintiff alleges that all the experts who examined the elevator agreed that one of the causes of the injury was the absence of "sill guards" at the floor landings. In November 1976, during the course of discovery, it was learned that the sill guards had been removed by defendant, the former occupant of the building, in approximately December 1963. On January 13, 1978, plaintiff brought this action for personal injuries against defendant alleging its negligence in removing the guard sills. A motion to

dismiss on the grounds that the action is barred by the statute of limitations was granted. Plaintiff filed a timely appeal.

Plaintiff contends that under the "discovery rule" the two-year statute of limitations for personal injury claims (Ill. Rev. Stat. 1973, ch. 83, par. 15) did not begin to run until November 1976, when she first discovered the identity of defendant as a possible cause of her injury.

We disagree. The discovery rule grew out of cases in which the injury was not readily ascertainable and in which justice was accordingly served by permitting a plaintiff to sue within the statutory period as computed from the time he knew or should have known of the right of action. (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656; see also *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160, and cases cited therein.) We are unwilling to extend this rule to apply to cases where the undetermined fact is not the existence of the injury, but rather the identity of the tortfeasor. (*Guebard v. Jabaay* (1978), 65 Ill. App. 3d 255, 381 N.E.2d 1164.) Since the record before us does not provide any other indication on which it could be determined that the statute of limitations should be tolled, we conclude that the trial court was correct in its order dismissing the cause for failure to file within the applicable period of limitations.

The order of the circuit court of Kane County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.