STEPHEN JACKSON, Plaintiff-Appellant, v. THE VILLAGE OF ROSE-MONT *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—87—3451

Opinion filed December 30, 1988.

PINCHAM, J., specially concurring.

Gregory R. Sun, of Chicago (Lisa Dedmond, of counsel), for appellant.

Peter M. Rosenthal and Katherine S. Janega, both of Rosenthal, Murphey, Coblentz & Janega, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Stephen Jackson, appeals from an order of the circuit court of Cook County dismissing his amended complaint for failure to serve a statutory notice of his claim upon defendant, the Village of Rosemont, a municipal corporation and owner of the Rosemont Horizon Stadium pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, par. 8—101 *et seq.*). On appeal, plaintiff contends that (1) the village's failure to register its ownership of the Rosemont Horizon pursuant to "An Act in relation to the use of an assumed name in the conduct or transaction of business \*\*\*" (Assumed Business Name Act) (Ill. Rev. Stat. 1985, ch. 96, par. 4 *et seq.*) precluded it from asserting its notice defense and, in any event, (2) his action can proceed against the Rosemont Horizon as an unregistered fictitious entity and a judgment enforced against its assets. For the reasons set forth below, we affirm.

On June 21, 1985, plaintiff attended a wrestling match event at the Rosemont Horizon and was injured when he slipped and fell on a stairway in the stadium. On December 9, 1986, plaintiff filed a complaint in the circuit court of Cook County, naming as defendants the Village of Rosemont and the Rosemont Horizon Stadium, "an unincorporated association"; the complaint did not contain any allegation that the village was insured or that plaintiff had served notice of his claim upon the village pursuant to section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 8—102). Plaintiff subsequently amended his complaint, adding a paragraph alleging (1) that the Rosemont Horizon was not listed with the Secretary of State as a corporation or with the Cook County clerk's office on its assumed name register and (2) asking that judgment be entered against the Rosemont Horizon and "its unknown owner or owners" pursuant to the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 4 *et seq.*).

The village filed two section 2—619 motions to dismiss plaintiff's complaint (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). One motion sought dismissal based on plaintiff's failure to serve a notice of claim or file a lawsuit within one year from the date of plaintiff's injury as required by sections 8—102 and 8—103 of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, pars. 8—102, 8—103) and the second motion sought dismissal of the Rosemont Horizon as a defendant on the ground that it does not have the legal capacity to be sued. In response, plaintiff argued that his complaint had been timely filed within the two-year limitation period for personal injury claims (Ill. Rev. Stat. 1985, ch. 110, par. 13—202) and that the village and the

Rosemont Horizon could not invoke the Tort Immunity Act's notice requirement because the Rosemont Horizon was not registered under the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 4 *et seq.*).

Following a hearing on the motions to dismiss, the trial court dismissed plaintiff's complaint for failure to timely serve notice upon the village, and this appeal followed.

■ Defendants argue, and the trial court so held, that the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par 1—101 *et seq.*) is controlling in this matter. Specifically, section 8—102 of the Act provides:

> "Within 1 year from the date that the injury or cause of action *** accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity *** must serve, either by personal service or by registered or certified mail, *** a written notice on the Secretary or Clerk, as the case may be, for the entity against whom *** the action is contemplated a written statement, *** giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."[1]

Pursuant to section 8—103 of the Act, if notice is not served as required, any civil action against a local public entity will be dismissed and the person to whom a cause of injury accrued will be forever barred from further suing. (Ill. Rev. Stat. 1985, ch. 85, par. 8—103.) Accordingly, since plaintiff's action was filed approximately 18 months after his injury accrued, defendants argue his action is barred.

■ On the other hand, plaintiff argues that the village is estopped from raising the defense of his failure to timely file a notice of injury pursuant to the Tort Immunity Act because of its corresponding failure to register its ownership of the Rosemont Horizon pursuant to section 1 of the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 4), which provides in pertinent part:

> "No person or persons shall conduct or transact business in

---

[1] Pursuant to Public Act 84—1431, article 1, sections 2 and 3, the statute of limitations in section 8—101 was reduced from two years to one year and the notice requirement of section 8—102 was repealed. These amendments were effective November 25, 1986, but apply only to causes of action accruing after the effective date of the amendments and therefore do not apply to the present case.

this State under an assumed name \*\*\* other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the County Clerk of the County in which such person or persons conduct or transact \*\*\* such business, a certificate setting forth the name under which the business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the post office address or addresses of such person or persons \*\*\*."

Pursuant to section 6 of the Act, if a certificate is not filed as required, and some of the owners are unknown, civil actions may be brought against such persons by filing suit against the business under its assumed name, naming the known owners and designating as "Unknown Owners" the other persons transacting business under the assumed name. It further provides for judgment and execution against the assets of the business and sets forth the procedure for naming as parties defendant such of the "Unknown Owners" whose identity becomes known. (Ill. Rev. Stat. 1985, ch. 96, par. 8a.) Accordingly, plaintiff's contention appears to be that since the identity of the village as the owner of the Rosemont Horizon was allegedly not immediately discoverable because of its failure to register under the Act, the limitations notice requirement of the Tort Immunity Act should merely be disregarded as a sanction against the village or, in effect, tolled until he ascertained the village's identity.

■■ ■ We agree with the trial court that the true essence of plaintiff's argument is premised on the "discovery rule" (see *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656), *i.e.*, because the Rosemont Horizon "was operating under the name of Rosemont Horizon and not under the name of Village of Rosemont doing business as the Rosemont Horizon," plaintiff could not *discover the identity of the village tortfeasor.* The discovery rule represents the judiciary's attempt to alleviate the harsh results from the literal application of statutes of limitations where plaintiffs are ignorant of their injuries, such as in medical malpractice cases. The rule postpones the starting of the period of limitations until the injured party knows of or should have known of his injury. (*Bates v. Little Co. of Mary Hospital* (1982), 108 Ill. App. 3d 137, 438 N.E.2d 1250.) However, our courts have refused to extend the discovery rule to apply to cases where the undetermined fact is not the existence of the injury, but rather the identity of the tortfeasor. (*Hames v. Northern Illinois Gas Co.* (1979), 70 Ill. App. 3d 628, 388 N.E.2d 1127; *Guebard v.*

*Jabaay* (1978), 65 Ill. App. 3d 255, 381 N.E.2d 1164.) As stated above, plaintiff here is merely arguing that he did not know who the defendant was supposed to be. The discovery rule is therefore clearly inapplicable to the case before us. Accordingly, we hold that the trial court properly dismissed plaintiff's complaint as time barred.

▇ In light of our disposition above, we briefly comment that the Assumed Business Name Act is not applicable to municipal corporations. The Act refers to *persons* and *individuals* and expressly excludes corporations "duly organized under the laws of this State." (Ill. Rev. Stat. 1985, ch. 96, par. 7.) A village or a city is a voluntary corporation (*Leviton v. Board of Education* (1940), 374 Ill. 594, 30 N.E.2d 497), not a person. A village is identified as a municipality, not a person, by the Illinois Constitution of 1970 (Ill. Const. 1970, art. VII, §1). As a municipality, it is a creature of the legislature. (*People ex rel. Montgomery v. Lierman* (1953), 415 Ill. 32, 112 N.E.2d 149.) Under the Tort Immunity Act, a municipality is a "local public entity" and therefore entitled to the benefits and detriments of the Act. (Ill. Rev. Stat. 1985, ch. 85, par. 1—206.) To suggest that the Village of Rosemont is a person within the meaning of the Assumed Business Name Act because it either registers its name or the name "Rosemont Horizon" under the Act defies the ordinary meaning of "person" or "persons" under the statute.

▇ We further observe that the Assumed Business Name Act cannot be utilized to extend a statute of limitations period. In *Gulley v. Fountalas* (1987), 153 Ill. App. 3d 100, 505 N.E.2d 1176, the plaintiff was precluded from naming additional discovered parties as defendants pursuant to the Act after the personal injury statute of limitations had run where she failed to comply with the Act by suing the "unknown owners" in her original complaint. In the present case, we see no reason to distinguish between a personal injury statute of limitations and the notice limitation requirement of the Tort Immunity Act in existence at the time based upon plaintiff's inability to immediately discover the village's identity as the owner of the Rosemont Horizon.

▇ We also reject plaintiff's theory that the Rosemont Horizon is a legal entity that can be sued. The record discloses that the Rosemont Horizon is owned and operated by the Village of Rosemont. A party to litigation must have a legal existence, either natural or artificial, to sue or be sued. (*Precision Components, Inc. v. Estate of Kuntz* (1983), 112 Ill. App. 3d 309, 445 N.E.2d 449.) The Rosemont Horizon Stadium is not a legal entity—it is merely a

building operated by the village—and is therefore not subject to suit. See *Tyler v. J.C. Penney Co.* (1986), 145 Ill. App. 3d 967, 496 N.E.2d 323.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ, P.J., concurs.

JUSTICE PINCHAM, specially concurring:

Although the parties agreed during oral argument of the instant cause before this court that there were no signs or posted information in or around the Rosemont Horizon (or elsewhere) which indicated that it was owned and operated by the Village of Rosemont, plaintiff did not allege that the village in any way endeavored to conceal its ownership and operation of the Horizon. Nor did plaintiff assert any inability, by the simple, usual and customary means, to discover that the Village of Rosemont was the owner and operator of the Rosemont Horizon. Plaintiff's contention that the defendant, the Village of Rosemont, a municipal corporation organized under the laws of the State, was bound by the provisions of the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 4 *et seq.*), is fallacious, because section 4 thereof provides, "This Act shall in no way affect or apply to any corporation duly organized under the laws of this State ***." (Ill. Rev. Stat. 1985, ch. 96, par. 7.) Plaintiff's attempts to rectify his failure to have, through normal channels, ascertained that the Village of Rosemont was the owner and operator of the Rosemont Horizon and to have timely notified the Village of Rosemont of his injuries and of his intent to file and to have properly filed his suit therefor, although somewhat ingenious, must fail.