**Charles DAVIS, Plaintiff,**

**v.**

**Sgt. William FRAPOLLY, Star No. 806, a Police Officer in his individual and official capacity, Robert Chernik, Star No. 941, Edward Kopsky, Star No. 6642, and Edward Kelly, Star No. 0953, Police Officers in their individual and official capacities,[1] Defendants.**

**No. 89 C 2218.**

United States District Court,
N.D. Illinois, E.D.

July 5, 1990.

---

1. Counsel are instructed to examine the ramifications styling this action as one against these officers in their "official capacities." An action against an individual in his official capacity is in reality an action against the municipality by whom he is employed. As the Second Amended Complaint is completely devoid of any allega-
tions that the individuals acted pursuant to a *dejure* or *defacto* policy or that any of the individuals were "policy makers" there is no basis for municipal liability. Consequently, the references to "official capacity" and "official capacities" are stricken from the caption.

972

Martin P. Greene and Keith E. Graham, Jones, Ware and Grenard, Chicago, Ill., for plaintiff.

Douglas McMillan, Sheila A. Owens, and Sharon Baldwin, City of Chicago Law Dept., and Kelly R. Welsh, City of Chicago Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court are the motion of all defendants to strike certain irrelevant allegations from plaintiff's Second Amended Complaint, pursuant to Fed.R.Civ.P. 12(f), and the motion of defendants, Robert Chernik and Edward Kopsky [2] to dismiss Counts II through V of the complaint, pursuant to Fed.R.Civ.P. 12(b)(6), based upon the passage of the one year statute of limitations specified in Ill.Rev.Stat. ch. 85, ¶ 8–101.

Defendants' motion to strike certain irrelevant allegations is denied. The Second Amended Complaint does contain surplusage. Yet, many of the challenged allegations have possible relevance. *See vonBulow by Auersperg v. vonBulow*, 657 F.Supp. 1134, 1146 (S.D.N.Y.1987). Moreover, defendants have shown no real prejudice to them resulting from any of the challenged allegations. *See Duran v. Clover Club Foods Co.*, 616 F.Supp. 790, 793 (D.C.Colo.1985).

Officer Chernik's and Officer Kopsky's motion to dismiss Counts II through V is denied in part and granted in part. On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Davis' claims arise from his arrest, which occurred on March 20, 1988. Under Ill. Rev.Stat. ch. 85, ¶ 8–101,[3] Davis had one year from the date of his arrest in which to commence a civil action against any of the officers involved in his arrest. On March 17, 1989, three days prior to the one year anniversary of his arrest, Davis filed this action naming as defendants Officer Frapolly and unknown officers. Through discovery in this action, which occurred more than one year after his arrest, Officers Chernik and Kopsky were identified as having been involved in Davis' arrest. On January 15, 1990, Davis filed a Second Amended Complaint naming Officers Chernik and Kopsky as defendants along with Officer Frapolly.

**2.** Officer Edward Kelly originally joined in this motion, but he has since been voluntarily dismissed.

**3.** ¶ 8–101. No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

Officers Chernik and Kopsky contend that merely filing a complaint naming "unknown officers" within the limitations period did not serve to preserve Davis' claims against them. They invoke ch. 85, ¶ 8–101, but cite no cases interpreting the statute.

Davis' response emphasizes that formal discovery was necessary for him to obtain the information necessary to identify Officers Chernik and Kopsky and invokes, alternatively, the discovery rule, relation back, waiver and equitable tolling to avoid the application of the statute of limitations.

■ The discovery rule is inapplicable to this case. Plaintiff cites no cases remotely on point. Those he cites are of no support. *U.S. v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), is cited for the proposition that a claim does not accrue until the plaintiff discovers both the injury and the cause of the injury. *See* 444 U.S. at 120, 100 S.Ct. at 358. Yet, *Kubrick* did not deal with the issue of the identify of the defendant. By "cause of the injury" the *Kubrick* court was referring, in the medical malpractice context, to whether it was necessary for plaintiff to "know" that his injury was negligently caused for the statute begin to run. It was not. *See* 444 U.S. at 122–125, 100 S.Ct. at 359–60. *Espinoza v. U.S.*, 715 F.Supp. 207 (N.D.Ill. 1989), merely follows *Kubrick*. Similarly, *Gara v. Semerad*, 183 Ill.App.3d 622, 131 Ill.Dec. 945, 539 N.E.2d 298 (1st Dist.1989), adds nothing to the equation.

There are cases which clearly hold that the discovery rule does not apply "where the undetermined fact is not the existence of the injury, but rather the identity of the tort feasor." *Jackson v. Village of Rosemont*, 180 Ill.App.3d 932, 129 Ill.Dec. 670, 536 N.E.2d 720 (1st Dist.1988); *see also Hames v. Northern Illinois Gas Co.*, 70 Ill.App.3d 628, 27 Ill.Dec. 164, 388 N.E.2d 1127 (2d Dist.1979); *Guebard v. Jabaay*, 65 Ill.App.3d 255, 21 Ill.Dec. 620, 381 N.E.2d 1164 (2d Dist.1978); *McDaniel v. Johns–Manville Sales Corp.*, 542 F.Supp. 716, 718–19 (N.D.Ill.1982). These authorities

preclude application of the discovery rule in this case to the running of the one year statute of limitations specified in ch. 85, ¶ 8–101.

■ Neither does relation back, under Fed.R.Civ.P. 15(c), as interpreted in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), apply here. There is no identity of interest between Officer Frapolly and the other officers. *See Garcia v. Peter Carlton Enterprises, Ltd.*, 717 F.Supp. 1321 (N.D.Ill.1989). That they were all police officers working out of the same district is not sufficient. Neither is it sufficient, as plaintiff suggests, that the officers were all involved in the "transaction" giving rise to the cause of action. Otherwise, the "identity" requirement would be satisfied in almost all cases, rendering it meaningless. Thus, from these facts notice cannot be imputed.[4] Further, there was no misnomer. There was no "mistake" concerning identity. Mistake is not the same as lack of knowledge. Plaintiff admits that there was an omission due to lack of knowledge of the identity of the proper defendant which does not constitute a "mistake" for purposes of Fed.R.Civ.P. 15(c). *See Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir.1980); *Rylewicz v. Beaton Services Ltd.*, 698 F.Supp. 1391, 1399 (N.D.Ill.1988); *see also Gulley v. Fountalas*, 153 Ill.App.3d 100, 106 Ill.Dec. 385, 505 N.E.2d 1176 (1st Dist.1987) (illustrative of state law on relation back).

■ Plaintiff's argument that Officers Chernik and Kopsky have waived their right to assert the statute of limitations as a defense is similarly unpersuasive. It is premised upon the fact that counsel for Officer Frapolly, the Corporation Counsel for the City of Chicago, in an Agreed Discovery Plan acknowledged that an amended complaint would be filed naming additional defendants, and now represents those additional defendants—Officers Chernik and Kopsky—too. From this plaintiff concludes that counsel for Officer Frapolly were acting on behalf of the then

---

**4.** Defendants however, fail to deny lack of "actual notice" of the pendency of this action. *See Ramirez v. Commonwealth Edison*, No. 87 C 9015, 1990 WL 78303 (N.D.Ill. June 4, 1990) (Nordberg, J.) Yet, that is not crucial due to the absence of a "mistake" concerning identity.

unnamed officer defendants when they agreed to the filing of an amended complaint and have thus implicitly waived their right to assert the statute of limitations against the claims contained in that complaint. That the Corporation Counsel is representing all police officers in this action is not surprising. However, the court will not hold Officers Chernik and Kopsky bound by any representations [5] of the Corporation Counsel not made specifically on their behalf, prior to the filing of an appearance of the Corporation Counsel on their behalf.

■ Finally, there is plaintiff's claim that the doctrine of equitable tolling should apply due to defendants' acts of concealment.[6] *See People ex rel. Skinner,* 170. Ill.App.3d 417, 120 Ill.Dec. 612, 623–24, 524 N.E.2d 642, 653–54 (4th Dist.1988); *Illinois Central Gulf Railroad Co. v. Dept. of Local Gov't. Affairs,* 169 Ill.App.3d 683, 120 Ill.Dec. 137, 140–41, 523 N.E.2d 1048, 1051–52 (1st Dist.1988); *see also Davenport v. A.C. Davenport & Son Co.,* 903 F.2d 1139 (7th Cir.1990); *Sofferin v. American Airlines, Inc.,* 713 F.Supp. 1219, 1226 (N.D.Ill.1989) (illustrating federal law on tolling). This is somewhat of a novel application of the doctrine of fraudulent concealment since the concealment was allegedly of the identity of other defendants rather than of the existence of the cause of action. However, the court is not aware of any authority that this distinction would serve as a barrier to the application of the doctrine.

Preliminarily, any difficulties plaintiff had in obtaining, through formal discovery, the information necessary to identify Officers Chernik and Kopsky are really irrelevant to the issue at hand. All of this occurred more than one year after his arrest—after the statute of limitations would

have run, absent tolling. It is axiomatic that tolling must be based upon actions or circumstances which occur or exist prior to the time when the statute would normally have run.

However, there are allegations [7] in plaintiff's response which may form the basis for equitable tolling, at least with respect to Officer Chernik. They are as follows: At the time of his arrest, Davis was attempting to write down the badge numbers of the officers involved, when an officer subsequently identified as Chernik took his pen and paper away from him.[8] On March 21, 1988, one day after his arrest, Davis filed a civilian complaint with the Chicago Police Department's Office of Professional Standards against Officer Frapolly and other police officers, whom he could not name or identify by star number. The Office of Professional Standards conducted an investigation of Davis' allegations, pursuant to which copies of the General Offense Case Report concerning Davis' arrest were collected and examined. The General Offense Case Reports failed to identify any other police officers as being at the scene of Davis' arrest other than Officers Celeste Cyrus and William Clancy.[9] Only in discovery did Officer Frapolly identify Officer Chernik as being at the scene of the arrest. Officer Frapolly conceded in his deposition that his failure to identify other officers and witnesses at the scene in the incident report was an omission. Frapolly Deposition pp. 17–21. With respect to Officer Kopsky, although his name was also omitted from the incident report, plaintiff admits in his response that he was aware that an Officer Kopsky was involved in his arrest.

Statutes of limitation were designed to promote the prompt resolution of claims with the recognition that as a consequence

---

5. Even assuming that any representation could be interpreted as waiving the statute of limitations as a defense.

6. Illinois law on tolling governs these state law claims.

7. They are supported either by Davis' deposition or admitted by defendants.

8. For purposes of the motion to dismiss we are to take as true that without the pen and paper he could not recall the numbers 941 and 6642.

9. Presumably, Officers Cyrus and Clancy were mentioned because they were unlikely to be targets of Davis' litigation, since they were the officers to whom Davis alleges he willingly surrendered.

certain meritorious claims would occasionally be barred. Yet, to apply the statutes of limitation blindly in this case would have the inevitable effect of encouraging improper conduct. Those who may benefit from a statute of limitation can have no part in preventing a potential claimant from learning their identity. Of course, unless under an affirmative duty, they need not come forward voluntarily, unasked. They may hide in the darkness caused by the potential plaintiff's lack of knowledge of their identity. But they cannot, through acts or omissions, in any way perpetuate the darkness.

Here plaintiff made reasonable efforts to identify the officers involved in his arrest; while, assuming plaintiffs allegations to be true for purposes of this motion, certain police officers hindered him from doing so.[10] Plaintiff attempted to write down the names of the officers involved in his arrest at the time it occurred, but was prevented from doing so. Plaintiff initiated a complaint with the Office of Professional Standards on the day after his arrest. However, this vehicle to, in the first instance, determine the identities of the officers involved was "derailed" when Officer Frapolly omitted to mention the other officers' names in his incident report.

Arguably, plaintiff could have done more. He could have initiated his action earlier, in time to utilize formal discovery to obtain the identities of the other officers involved prior to the time in which the statute of limitations would normally run. However, plaintiff's diligent pre-suit conduct combined with the questionable conduct of certain of the defendant officers is sufficient to invoke equitable tolling regarding the claim against Officer Chernik. Concerning Officer Kopsky, plaintiff seems to admit knowledge of his identity shortly after his arrest despite the alleged concealment, though he professes that he did not know Officer Kopsky's badge number. This precludes the application of equitable tolling to avoid the application of the stat-

ute of limitations to the claim against Officer Kopsky.

Accordingly, defendants' motion to strike is denied and defendants' motion to dismiss Counts II through V of plaintiff's Second Amended Complaint is denied with respect to Officer Chernik and granted with respect to Officer Kopsky. Plaintiff is given leave to amend in order to plead those allegations supporting equitable tolling.

IT IS SO ORDERED.

---

**10.** The court does not determine specifically whether any acts or omissions of "concealment" were intentional, their effects are objectively obvious and sufficient to justify tolling.