Tyrone FOSTER, Plaintiff,

v.

UNKNOWN COOK COUNTY DEPUTY SHERIFF, in his individual and official capacity, and Cook County Sheriff's Department, Defendants.

No. 95 C 4071.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 4, 1995.

Elliot R. Zinger, Jason Emil Orth, Elliot Zinger & Associates, Chicago, IL, for plaintiff.

Terry L. McDonald, Pamela Hughes, Cook County State's Attorney, Chicago, IL, for Cook County Sheriff's Department.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Tyrone Foster brings this three-count complaint against an "Unknown Cook County Deputy Sheriff" and the "Cook County Sheriff's Department." Presently before this court is the defendants' motion to dismiss two of the three counts. For the rea-

sons set forth below, the defendants' motion is denied and the plaintiff is granted leave to file an amended complaint.

## I. Background

According to the original complaint, the plaintiff was being detained at the Cook County Department of Corrections on June 13, 1994, when a fight broke out in the shower area. Foster claims that he was not part of the altercation, and that pursuant to a deputy sheriff's directions he stood near the doorway of the shower area until the hostilities subsided. The plaintiff alleges that while standing out of the way near the door, an Unknown Cook County Deputy Sheriff burst into the room and punched him in the face, breaking his jaw. Foster contends that he did not provoke the deputy in any way, and did not give him permission to strike him. He alleges that the blow to his face caused him great pain, and that he required surgery to repair his jawbone.

On July 13, 1995, the plaintiff filed a three-count complaint against an Unknown Cook County Deputy Sheriff and the Cook County Sheriff's Department. Count I against the Unknown Cook County Deputy Sheriff claims that the deputy's actions constituted an assault and battery of the plaintiff's person, and seeks compensatory damages in excess of $50,000. Count II, brought under 42 U.S.C. § 1983, claims that the defendant's acts also violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution, and seeks compensatory damages as well as attorney's fees. Count III against the Cook County Sheriff's Department asserts that this defendant is liable under the doctrine of respondeat superior for the deputy sheriff's state law violations, because he was acting within the scope of his employment as a deputy sheriff for Cook County at the time of the incident.

## II. Motion to Dismiss Standard

■ A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him

to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Chaney v. Suburban Bus Div. of the Regional Transp. Auth.,* 52 F.3d 623, 627 (7th Cir. 1995). At this stage in the litigation we take as true all factual allegations contained in the complaint, and construe all reasonable inferences therefrom in the plaintiff's favor. *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir.1995). Although affirmative defenses are not usually resolved at the motion to dismiss stage, if the plaintiff's complaint contains facts which demonstrate that his suit is barred by the statute of limitations, it may be disposed of under Rule 12(b)(6). *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 67 F.3d 605, 608 (7th Cir.1995).

## III. Discussion

In their motion and opening brief, the defendants seek dismissal of Counts II and III, arguing that (1) Count II is simply redundant of Count I, and therefore should be stricken, (2) Count III is barred by the statute of limitations, and (3) Count III also should be dismissed because there is no legal entity titled "Cook County Sheriff's Department." In response to the first argument, Plaintiff explains that Count I is based on state law, and Count II is grounded in 42 U.S.C. § 1983 and the United States Constitution. Because these two counts are distinct legal claims, and offer different remedies (most notably, § 1983 offers the availability of attorney's fees), the plaintiff contends that Count II should not be dismissed as redundant. The defendants essentially concede that the plaintiff has the best of this argument, and have abandoned their attack on Count II.

■ Instead, they refocus their energies on Counts I and III, arguing that because the alleged attack occurred on June 13, 1994, and the complaint was not filed until July 13, 1995, both state law counts are barred by the one-year statute of limitations found in the Illinois Tort Immunity Act, 745 ILCS 10/8–101.[1] However, in his response to the motion

---

1. No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced

within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil

to dismiss the plaintiff asserts that the attack actually occurred on July 13, 1994, not on June 13, 1994 as stated in the complaint. Foster explains that the date contained in the complaint is incorrect, and seeks leave to correct this error in an amended complaint. Under this revised version of events, the plaintiff's complaint was timely when filed on July 13, 1995, and thus his state claims would not be subject to dismissal at this juncture. Accordingly, we grant Plaintiff leave to file an amended complaint containing this correction, and reject the defendants' statute of limitations argument.

■ The Cook County Sheriff's Department also moves to dismiss Count III, arguing that it is not a suable entity. Federal courts look to state law to determine if a particular defendant is amenable to suit, Fed.R.Civ.P. 17(b), and under Illinois law a defendant must have a legal existence—either natural or artificial—in order to be sued, *Jackson v. Village of Rosemont*, 180 Ill.App.3d 932, 129 Ill.Dec. 670, 673, 536 N.E.2d 720, 723 (1988), *appeal denied*, 125 Ill.2d 565, 130 Ill.Dec. 481, 537 N.E.2d 810 (1989). Although there is statutory authority for the creation of the office of Sheriff of Cook County, 55 ILCS 5/3–6001 to 5/3–6037, the defendant contends that the Illinois Complied Statutes do not provide for a separate legal entity named "Cook County Sheriff's Department."

■ Foster again admits that his complaint is defective, but seeks to avoid dismissal of Count III by offering to change the name of the second defendant in his amended complaint to "Cook County Sheriff." Defendant opposes such a move, arguing that because any amended complaint would be filed after the expiration of the one year limitations period, the plaintiff's failure to name a suable entity in the original complaint dooms Count III. We disagree. Pursuant to Federal Rule of Civil Procedure 15(c), an amended complaint will relate back to the date of the original complaint when:

(2) the claim or defense asserted in the amended pleading arose out of the same

conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the forgoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party....

Fed.R.Civ.P. 15(c). In this case, Foster's amended Count III would arise out of the same occurrences mentioned in his original complaint. In addition, since the docket reflects that the Cook County Sheriff's Department entered an appearance in this case on September 22, 1995, it appears that the Sheriff of Cook County received constructive notice of the action within the time period allotted in Rule 4(m) for service, and he would not be prejudiced in maintaining a defense on the merits. *See Capdevila v. Sheahan*, No. 94 C 3345, 1995 WL 399690, at *3 (N.D.Ill. July 6, 1995) (holding service upon Cook County Sheriff's Department sufficient to give constructive notice of lawsuit to Sheriff of Cook County). Finally, we conclude that the Sheriff knew or should have known that, but for the plaintiff's misunderstanding of Illinois law, he would have been named in the original complaint. *Id.* at *4–6; *see Woods v. Indiana University–Purdue University at Indianapolis*, 996 F.2d 880, 886–87 (7th Cir.1993); *Bayer v. United States Dept. of Treasury*, 956 F.2d 330, 334 (D.C.Cir.1992) (permitting amendment of "Department of Treasury" to "Secretary of Treasury"). Therefore, because Count III of the plaintiff's amended complaint would relate back to the July 13, 1995 filing of the

action" includes any action, whether based upon the common law or statutes or Constitution of this State.

745 ILCS 10/8–101.

original complaint, we deny the defendant's motion to dismiss Count III.[2]

## IV. Conclusion

For the reasons set forth above, the defendants' motion to dismiss is denied. Plaintiff is directed to file an amended complaint containing the corrections outlined in his response to the motion to dismiss within ten days. It is so ordered.

2. We note that should the plaintiff identify the individual deputy sheriff implicated in Counts I and II, the relation back doctrine of Rule 15(c) will not apply to any amendment of these two counts. This is because Foster's failure to name the individual deputy sheriff in the original complaint did not arise out of any sort of "mistake" contemplated by Rule 15(c)(3)(B), but "was due to a lack of knowledge as to [the deputy's] identity." *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir.1993); *see Wood v. Worachek*, 618 F.2d 1225, 1229–30 (7th Cir.1980) (interpreting the term "mistake" in Rule 15(c)). However, because there may be equitable reasons for not applying the limitations period to Count I, *see Davis v. Frapolly*, 742 F.Supp. 971, 974–75 (N.D.Ill.1990) (discussing equitable tolling of statute of limitations), and because the statute of limitations has not yet run on the § 1983 claim in Count II, *see Wolf v. City of Chicago Heights*, 828 F.Supp. 520, 522 (N.D.Ill.1993) (holding that § 1983 claims in Illinois are governed by two-year limitation period), we believe it best to defer ruling on the issue of timeliness until presented with a request by the plaintiff to add a named defendant to Counts I and II.