RIETH–RILEY CONSTRUCTION CO. INC., Appellant–Defendant,

v.

Michael GIBSON, Appellee–Plaintiff,

v.

Edward A. Schroeder and Memberselect Insurance Company d/b/a AAA Insurance Company, Appellees/Defendants.

No. 64A04–0908–CV–445.

Court of Appeals of Indiana.

March 25, 2010.

Joseph Stalmack, Munster, IN, Attorney for Appellant.

Robert J. Varga, Munster, IN, Attorney for Appellee Michael Gibson.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Rieth–Riley Construction Co., Inc. (Rieth–Riley) appeals the trial court's denial of its motion for summary judgment.

We reverse and remand.

### ISSUE

Rieth–Riley presents four issues, which we consolidate and restate as: whether the trial court erred by denying Rieth–Riley's motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

On September 27, 2006, Defendant Edward Schroeder and Plaintiff Michael Gibson were involved in an automobile accident. On July 15, 2008, Gibson filed his complaint against Schroeder with regard to the accident. Through subsequent discovery, Gibson learned that, at the time of the accident, Schroeder was employed by Rieth–Riley. However, Schroeder was driving his own vehicle at the time of the accident. On March 18, 2009, Gibson filed a second amended complaint with the trial court naming Rieth–Riley as an additional defendant in this action. Rieth–Riley then filed a motion to dismiss the complaint on April 6, 2009, asserting that the complaint was time-barred because it had been filed after the statute of limitation had passed. Following submissions to the court by both parties and a hearing on the motion, the trial court denied Rieth–Riley's motion to dismiss, which the court treated as a motion for summary judgment. *See* Indiana Trial Rule 12(B)(6). At the request of Rieth–Riley, the trial court certified its interlocutory order for appeal, and this Court accepted jurisdiction of the appeal.

### DISCUSSION AND DECISION

Rieth–Riley contends that the trial court erred by denying its motion for summary judgment. On appeal from a grant or denial of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Winchell v. Guy*, 857 N.E.2d 1024, 1026 (Ind.Ct.App.2006); *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Pond v. McNellis*, 845 N.E.2d 1043, 1053 (Ind.Ct.App.2006), *trans. denied*, 860 N.E.2d 590. All facts and reasonable inferences drawn therefrom are construed in favor of the nonmovant. *Id.* The party appealing the judgment carries the burden of persuading this court that the trial court's decision was erroneous. *Wells v. Auto Owners Ins. Co.*, 864 N.E.2d 356, 358 (Ind.Ct.App.2007).

At the hearing on Rieth–Riley's motion, the trial court stated that "the discovery

rule does apply in this case." Transcript of Hearing on Motion to Dismiss, Appellant's Appendix at 63–64. Rieth–Riley contends that the trial court erred in denying its motion for summary judgment based upon the discovery rule.

Pursuant to Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when a claimant knows or, in the exercise of ordinary diligence, should have known of the injury. *Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind.2008). The determination of when a cause of action accrues is generally a question of law. *Cooper Industries, LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind.2009).

At the outset, the parties agree that the two-year statute of limitation applies to Gibson's claim for personal injury. *See* Ind.Code § 34–11–2–4. The resolution of this case turns on when the two-year limitation began to run, as applied to Gibson's claim against Rieth–Riley. Rieth–Riley maintains that the statute of limitation began running on September 27, 2006, the day of the accident. Gibson claims that the statute of limitation for his cause of action against Rieth–Riley did not begin to run, based upon application of the discovery rule, until March 2009, when he "discovered" that Schroeder was employed by Rieth–Riley at the time the accident occurred.

The present case is similar to a case previously decided by this Court. Although affirmed on other grounds, the Court's analysis in *Richards–Wilcox, Inc. v. Cummins*, 700 N.E.2d 496 (Ind.Ct.App. 1998) is instructive to our decision in the instant case. In *Richards–Wilcox*, Plaintiff Cummins was injured while using a trolley system at work on April 25, 1994. On March 28, 1996, Cummins and his wife filed suit against the installer of the trolley system. During subsequent discovery, the Cummins learned that Wilcox manufactured the trolley system. Thereafter, in October 1996, the Cummins filed an amended complaint naming Wilcox as an additional party defendant. Wilcox filed a motion for judgment on the pleadings contending the Cummins' complaint was barred by the statute of limitation. After a hearing, the trial court denied the motion, and an interlocutory appeal ensued.

On appeal, Wilcox claimed the trial court had erred in denying its motion for judgment on the pleadings because the Cummins' complaint was filed outside the two-year limitation period applicable to personal injury actions. The Cummins countered that they did not learn that Wilcox was a potential defendant until after receiving answers to interrogatories from a co-defendant and that they immediately sought leave to amend their complaint and add Wilcox as a defendant, which the trial court granted. Therefore, they argued, their cause of action accrued when they knew, or in the exercise of due diligence could have discovered, that their injuries were sustained as a result of Wilcox's conduct.

In support of their argument, the Cummins cited *Wehling v. Citizens National Bank*, 586 N.E.2d 840 (Ind.1992) (holding that where property owners were unaware and could not have been aware of bank's negligence in recording deed to property until they attempted to sell property, discovery rule applied to property owners' negligence claim against bank). This Court rejected the Cummins' reliance on *Wehling* stating that, unlike the property owners' knowledge in *Wehling*, the Cummins knew on April 25, 1994, that their injury was the ' "result of the tortious act of another.' " *Richards–Wilcox*, 700 N.E.2d at 498 (*quoting Wehling*, 586 N.E.2d at 843). We further stated that the fact "[t]hat [the Cummins] did not

determine until over two years later the actual identity of the party causing the injury **did not suspend** the running of the statute of limitations." *Richards–Wilcox,* 700 N.E.2d at 498 (emphasis supplied).

Likewise, here, Gibson was injured as a result of his collision with Schroeder on September 27, 2006. On July 15, 2008, Gibson filed suit against Schroeder, alleging that, as a result of Schroeder's negligence, Gibson had sustained injury. Thereafter, on September 3, 2008, Gibson submitted discovery requests to Schroeder, to which Schroeder responded on March 5, 2009. Information within these discovery responses indicated that, at the time of the accident, Schroeder was employed by Rieth–Riley. On March 18, 2009, Gibson filed his motion with the trial court for leave to file an amended complaint to add Rieth–Riley as a defendant in this cause of action. The trial court granted Gibson's motion. Rieth–Riley then filed a motion to dismiss asserting that Gibson's complaint against it was barred by the statute of limitation. In support of its motion to dismiss, Rieth–Riley filed the affidavit of its risk manager which stated that prior to March 30, 2009, Rieth–Riley had no knowledge that Gibson and Schroeder had been involved in an accident on September 27, 2006, that Gibson had any potential claim against Rieth–Riley, or that a complaint had been filed by Gibson on July 15, 2008. In response, Gibson argued that under the discovery rule, the two-year statute of limitation for personal injury claims did not begin to run until March 2009 when he first discovered the identity of Rieth–Riley as a possible defendant in this action.

Indiana's discovery rule "is based on the reasoning that it is inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists." *Barnes v. A.H. Robins Co., Inc.,* 476 N.E.2d 84, 86 (Ind.1985). In a typical personal injury claim, such as in the present case, the injury occurs at the time the negligent act is done, and the claimant is either aware of the injury or the cause of the injury. In fact, Gibson concedes that he was aware he sustained an injury due to the tortious actions of Schroeder; it was merely Schroeder's employment with Rieth–Riley of which Gibson was unaware. Appellee's Brief p. 10. Stated another way, Gibson was aware of both his injury and the cause of his injury in September 2006, but he argues that the discovery rule should apply to his case to toll the statute of limitation because he did not know, and could not know in the exercise of ordinary diligence, that Rieth–Riley was also potentially liable as Schroeder's employer.

■■■ Applying Gibson's argument in a practical manner leads to the discovery rule tolling the statute of limitation in personal injury cases until a plaintiff discovers every defendant who might be legally liable for his or her injury. In analyzing Gibson's assertions, we are mindful that the claimant of an action bears the burden of bringing suit against the proper party within the statute of limitation. *Beineke v. Chemical Waste Management of Indiana, LLC,* 868 N.E.2d 534, 539–40 (Ind.Ct.App. 2007). The discovery rule is not intended to toll the limitation period until optimal litigation conditions can be established. Rather, as we stated previously, the purpose of the discovery rule is to limit the injustice that would arise by requiring a plaintiff to bring his or her claim within the limitation period during which, even with due diligence, he or she could not be aware a cause of action exists. Therefore, we decline to extend the discovery rule to apply to cases like this one where the indeterminate fact is not the existence of

an injury, but rather the identity of a tortfeasor. We find that we are not alone in our decision. *See e.g., Dakin v. Marciniak,* 280 Wis.2d 491, 695 N.W.2d 867 (Wis. Ct.App.2005) (determining that discovery rule did not bar application of statute of limitation until all suable parties were known to plaintiff); *Jackson v. Village of Rosemont,* 180 Ill.App.3d 932, 129 Ill.Dec. 670, 536 N.E.2d 720 (1988) (holding that plaintiff's failure to discover that he was required to sue certain defendant rather than another would not toll statute of limitation); *Hames v. Northern Illinois Gas Company,* 70 Ill.App.3d 628, 27 Ill.Dec. 164, 388 N.E.2d 1127 (1979) (holding that discovery rule did not toll statute of limitation in personal injury action until such time as plaintiff learned of additional defendant).

Rieth–Riley also asserts that Indiana Trial Rule 15(C) does not apply in this case in order to save Gibson's amended complaint from being time-barred. Gibson mentioned Indiana Trial Rule 15(C) in his response to Rieth–Riley's motion to dismiss and in his brief in support thereof, and he further argues for its application in his brief to this Court. However, at the hearing on Rieth–Riley's motion to dismiss, he unequivocally stated that he was not relying on Trial Rule 15 in support of his argument that Gibson's amended complaint adding Rieth–Riley as a defendant was not time-barred. Upon defense counsel finishing his argument that the requirements of Trial Rule 15(C) had not been fulfilled in this case, Gibson's counsel stated that he generally agreed with defense counsel and declared, "I am not relying on T.R. 15. As I put out in my response motion, we're relying on the discovery rule." Transcript of Hearing, Appellant's App. at 50. Later, Gibson's counsel reiterated: "The reason I cited Rule 15 is amendments to pleadings are liberally allowed. It is referenced in the case law.

I'm not relying on Rule 15. I'm relying on the discovery rule." Transcript of Hearing, Appellant's App. at 53.

Nevertheless, because Gibson's brief to this Court advocates affirmation of the trial court's decision on the alternate ground of Trial Rule 15, and, in the interest of judicial efficiency and finality, we address the relation back of Gibson's amended complaint adding Rieth–Riley as a party defendant.

■■ In general, a new defendant to a claim must be added prior to the running of the statute of limitation; however, Trial Rule 15(C) provides an exception to this rule. *ServiceMaster Diversified Health Services, L.P. v. Wiley,* 790 N.E.2d 1056, 1059 (Ind.Ct.App.2003). Indiana Trial Rule 15(C) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merit s; and (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Thus, in order for an amended complaint changing the party against whom the claim is brought to relate back, it must meet the following requirements: (1) the claim in the amended complaint must have arisen out of the conduct, transaction, or occur-

rence set forth or attempted to be set forth in the original complaint; (2) within 120 days after the commencement of the action, the party to be brought into the action must have received notice of the institution of the action so that it will not be prejudiced in maintaining a defense on the merit s; and (3) within 120 days after commencement of the action, the party knew or should have known that if not for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by the amendment. *Crossroads Service Center, Inc. v. Coley,* 842 N.E.2d 822, 824–25 (Ind.Ct.App.2005), *reh'g denied, trans. denied,* 855 N.E.2d 1010 (2006).

■ Here, Rieth–Riley concedes that the claim in Gibson's amended complaint did arise out of the conduct, transaction, or occurrence set forth in the original complaint as required by Trial Rule 15(C). However, Rieth–Riley maintains that the other two requirements of Trial Rule 15(C) were not met. We pause here to note again that the onus of bringing suit against the proper party within the statute of limitation is upon the claimant. *Beineke,* 868 N.E.2d at 539–40. Further, the party seeking relation back bears the burden of proving that the conditions of Trial Rule 15(C) are met. *Crossroads,* 842 N.E.2d at 825.

■ The second requirement of Trial Rule 15(C) deals with the new defendant having notice of the action within 120 days of its commencement. The added party's notice of the pendency of the claim may be either actual or constructive, but it is not sufficient that the party is on notice that an injury has occurred or that the plaintiff has retained counsel. *Porter County Sheriff Dept. v. Guzorek,* 857 N.E.2d 363, 368–69 (Ind.2006), *reh'g denied.* In addition, constructive notice may be inferred based on either the identity of interest between the old and new parties or the fact that they share attorneys. *Id.* at 369. An identity of interest may allow notice to be imputed to the added party when the original and the added party "are so closely related in business or other activities that it is fair to presume that the added party learned of the institution of the action shortly after it was commenced." *Id.*

Gibson argues that Rieth–Riley received constructive notice of the action when Schroeder received service of the complaint in July 2008. This assertion is based upon the employment relationship between the two at the time of the accident in 2006.

In support of its motion to dismiss/motion for summary judgment, Rieth–Riley designated and submitted the affidavit of Kimberly Beard, its risk manager. She stated in her affidavit that on March 30, 2009, Rieth–Riley was served with Gibson's amended complaint naming Rieth–Riley as a defendant in this action. She also stated that prior to March 30, 2009, Rieth–Riley had no knowledge that Gibson and Schroeder had been involved in an automobile accident on September 27, 2006, that Gibson had any potential claim against Rieth–Riley, or that a complaint had been filed by Gibson on July 15, 2008.

Gibson failed to designate any evidence that contradicts the information contained in Beard's affidavit. Furthermore, although Schroeder indicated in discovery that he was employed by Rieth–Riley *at the time of the accident,* there was no evidence that Schroeder was still employed there when this action was filed in July 2008. The designated evidence provides nothing to substantiate Gibson's assertion that Rieth–Riley and Schroeder maintained an employment relationship within 120 days of the commencement of the action to satisfy the identity of interest prong of the constructive notice doctrine.

Mere evidence of an employment relationship at the time of the accident does not equate to imputed notice to the employer two years later when an action is commenced. Thus, the second requirement of Trial Rule 15(C) has not been met.

█ The third and final requirement of Trial Rule 15(C) is that the new defendant, within 120 days of commencement of the action, knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the new defendant. Again, Gibson failed to designate any evidence contradicting Beard's affidavit evidencing Rieth–Riley's lack of knowledge of the accident, this cause of action, and Gibson's potential claim until March 30, 2009. Gibson did not establish the second or third requirements of Trial Rule 15(C), and the amended complaint cannot relate back.

### CONCLUSION

Based upon the foregoing discussion and authorities, we conclude that the trial court erred when it applied the discovery rule to this action to toll the statute of limitation for Gibson's filing of an amended complaint against Rieth–Riley. Thus, the trial court erred when it denied Rieth–Riley's motion for summary judgment on that basis. Further, Gibson's amended complaint cannot relate back pursuant to Trial Rule 15(C).

Reversed and remanded.

BAILEY, J., and BRADFORD, J., concur.